IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 3:09-826-CMC |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Lloyd Tyrecee Bennett, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. The Government filed a response and motion for summary judgment. The court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. Defendant responded in opposition to the Government's motion, and moved for summary judgment. For the reasons set forth below, Defendant's motion for summary judgment is denied, the Government's motion for summary judgment is **granted**, and this motion for relief under § 2255 is dismissed with prejudice.

### BACKGROUND

In 2009, Defendant was indicted in this District for his role in a drug distribution conspiracy, a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. On August 25, 2010, Defendant appeared with counsel and after a thorough Rule 11 hearing, entered a plea of guilty to the lesser-included offense contained in Count One of the Superseding Indictment; that is, conspiracy to possess with intent to distribute 500 grams or more of cocaine and 5 grams or more of "crack" cocaine, a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. Because Defendant had a prior felony drug conviction, his guilty plea exposed him to a sentence of at least 120 months' imprisonment. *See* 21 U.S.C. § 851.

1

On November 30, 2010, Defendant appeared for sentencing. After overruling the Government's objection to Defendant not being classified as a career offender, the court sentenced Defendant to 120 months' imprisonment, eight (8) years' supervised release, and a $100 special assessment fee. Defendant did not appeal from his conviction or sentence.

On November 14, 2011, Defendant filed the instant motion. Defendant's motion contains two Grounds for Relief. First, Defendant contends that the court should have applied provisions of the Fair Sentencing Act (FSA) of 2010. Second, Defendant's motion argues that his lawyer failed to assist him in pursuing a motion for relief under Federal Rule of Criminal Procedure 35(b).

Under 28 U.S.C. § 2255, relief is available to defendants challenging a sentence imposed in a federal court

> upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255(a). As noted by the Fourth Circuit

> Under [§ 2255(b)], a district court's resolution of a prisoner's § 2255 petition proceeds in two steps. First, the district court must determine whether the prisoner's sentence is unlawful on one of the specified grounds. If the district court determines that the sentence is lawful, the court must deny the petition. If, by contrast, the court determines that the sentence is unlawful, the court "shall vacate and set . . . aside" the sentence.

*United States v. Hadden*, 475 F.3d 652, 661 (4th Cir. 2007) (citation omitted). Therefore, this court must [first] determine whether the prisoner has met his burden of showing that his sentence is unlawful on one of the specified grounds." *United States v. Pettiford*, 612 F.3d 270, 278 (4th Cir. 2010). *See also id*. at 277 (noting that defendant could not meet "threshold" inquiry).

Defendant did not file an appeal of his conviction or sentence. Defendant may not ordinarily

raise a claim in a §2255 motion that he did not raise in a direct appeal. To bring such a claim in a §2255, Defendant would need to show either cause and actual prejudice or actual innocence. *See Bousley v. United States*, 523 U.S. 614, 622 (1998). Defendant has provided no information as to either cause and prejudice, nor has he asserted that he is actually innocent. Therefore, to the extent Defendant's first ground for relief is cognizable in this motion, Defendant has defaulted its consideration.

Defendant's second Ground for Relief goes to his attorney's alleged failure to assist him in pursuing a motion for relief under Rule 35(b). Defendant has no constitutional or statutory right to the assistance of counsel in pursuing such a motion. *United States v. Taylor*, 414 F.3d 528 (4th Cir. 2005). Additionally, Defendant waived his right to bring a motion for relief under § 2255 in his plea agreement except for claims relating to ineffective assistance of counsel and prosecutorial misconduct. *See* Plea Agreement at 9, ¶ 16 (ECF No. 877, filed Aug. 17, 2010). Therefore, the claim is without merit and the Government is entitled to summary judgment.

## CONCLUSION

For all the reasons noted above, Defendant's motion for summary judgment is **denied**, the Government's motion for summary judgment is **granted** and this matter is dismissed with prejudice.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists

3

would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 17, 2012